JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ROBERT MAURICE DAWKINS, | Case No. 2:18-03926 SJO (ADS) |
|---|---|
| Petitioner, | |
| v. | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| DEBBIE ASUNCION, | |
| Respondent. | |

## I.      **INTRODUCTION**

Pending before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by petitioner Robert Maurice Dawkins ("Petitioner"). [Dkt. No. 1]. On March 14, 2019, the Court granted Petitioner's Motion for Stay to exhaust his unexhausted claims in state court. [Dkt. No. 9]. The Court ordered Petitioner to file a habeas petition in Los Angeles County Superior Court within thirty days and to file brief status reports with this Court every sixty days thereafter. [Id., p. 4]. As of the date of this order, Petitioner has only requested extensions of time to file a status report; he has not filed any status reports. [Dkt. Nos. 10, 12, 16].

On October 1, 2019, the Court issued an Order to Show Cause why the petition should not be dismissed for failure to prosecute his claims and/or follow orders to update the court on the status of his exhaustion efforts. [Dkt. No. 14]. On October 28, 2019, Petitioner responded by filing another Request for Extension of Time. [Dkt. No. 16]. On October 30, 2019, the Court denied the Request for Extension of Time. [Dkt. No. 17]. The Court ordered Petitioner to file a status report detailing his efforts to exhaust his unexhausted claims in state court by November 13, 2019 ("Order"). [Dkt. No. 17]. The Court expressly warned that it would be Petitioner's final opportunity to submit a timely status report and that failure to timely file a response would result in a recommendation that the action be dismissed as a mixed petition, for failure to prosecute, and/or failure to obey court orders pursuant to Federal Rule of Civil Procedure 41(b). [Id., p. 2]. Petitioner did not respond to the Order.

## II.      FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS

Petitioner has not attempted to exhaust his unexhausted claims in state court. Searches of the Los Angeles Superior Court and California Appellate Courts Case Information websites reveal that Petitioner has not filed a habeas petition in any California court since being ordered to on March 14, 2019. See Superior Court of California, County of Los Angeles, http://www.lacourt.org; California Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov. Moreover, Petitioner has failed to submit any status reports to this Court regarding his exhaustion efforts in state court. Petitioner's failure to file a habeas petition in state court and failure to file timely status reports signify his failure to prosecute this Petition.

On October 30, 2019, the Court issued an Order requiring Petitioner to file status report detailing his exhaustion efforts.  [Dkt. No. 17].  The Order expressly cautioned Petitioner that failure to respond would result in a recommendation that the action be dismissed under Federal Rule of Civil Procedure 41(b).  [Id.].  Petitioner did not respond to the Order.  His failure to respond further evidences a lack of prosecution of the case.  See Link v. Wabash R.R., 370 U.S. 626, 629–30 (1962); see also Fed. R. Civ. P. 41(b).  That Petitioner did not respond also demonstrates his failure to comply with the Court's orders.

In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination of whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions."  Id. at 1440.

Upon consideration of the five Carey factors, the Court finds that Petitioner's failure to prosecute his case and failure to comply with the Court's orders warrant dismissal.  The first two Carey factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—weigh in favor of dismissal.  The Court cannot hold this case in abeyance indefinitely awaiting Petitioner's response to the Court's directive and to exhaust his unexhausted claims in state court.  The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, the public policy favoring disposition of cases on their merits, is greatly

3

outweighed by the factors in favor of dismissal.  Finally, Petitioner has already been cautioned of the consequences of his failure to prosecute and ordered to show cause why the action should not be dismissed.  Petitioner has been afforded multiple opportunities to file obey the Court's orders yet has not done so; Petitioner's claims remain unexhausted and Petitioner has made no effort to exhaust them.  No sanction lesser than dismissal is feasible here.  Thus, dismissal of this action is warranted under Federal Rule of Civil Procedure 41(b) and Local Rule 7-12.

## III.  CONCLUSION

IT IS THEREFORE ORDERED that the stay is lifted and this action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Central District of California Local Rule 7-12.

IT IS SO ORDERED.

Dated:        January 30, 2020

_____
THE HONORABLE S. JAMES OTERO
United States District Judge

Presented by:

    /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge